UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:23-cr-59 |
| vs. | : | Judge Timothy S. Black |
| JUAN CARROLL BORRERO (2), | : | |
| Defendant. | : | |

**ORDER REVOKING BOND**

This criminal case is before the Court on the Government's motion to revoke bond as to Defendant Juan Carroll Borrero, pursuant to 18 U.S.C. § 3145(a). (Doc. 20).[1]

The Court, having conferred with the parties, hereby **GRANTS** the Government's motion. (Doc. 20). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Juan Carroll Borrero's bond, as issued in the Southern District of Florida, No. 1:23-mj-03200-JG, is **REVOKED**;

(2) Defendant is **REMANDED** to the custody of the U.S. Marshals for pretrial detention; and

(3) The U.S. Marshals **SHALL** promptly effectuate Defendant's custodial transport to the Southern District of Ohio.

Finally, the Court notes that, as agreed upon by the parties, Defendant reserves the right to reopen consideration of the Government's motion. (Doc. 20). If Defendant elects to do so, he must file a response in opposition to the Government's original motion

---

[1] On June 23, 2023, Defendant appeared for a detention hearing before a U.S. Magistrate Judge in the Southern District of Florida, No. 1:23-mj-03200-JG. At that time, Defendant was granted release on bond; however, the bond order was stayed for five days, in order to allow the Government to seek reconsideration from this Court. On June 28, 2023, this Court further stayed Defendant's release pending resolution of the Government's motion. (Doc. 16).

(Doc. 20), within 14 days of his arrival in the Southern District of Ohio; and the Government's reply (if any) shall be due 14 days after Defendant's response in opposition (if filed).[2] Defense counsel shall be responsible for tracking the status of Defendant's transport and arrival.

**IT IS SO ORDERED.**

Date: 8/1/2023

Timothy S. Black
United States District Judge

---

[2] As all defendants charged in this case have not yet appeared, the commencement of the speedy trial clock is effectively delayed. *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) (computing speedy trial time commencing from date of last codefendant's arraignment because "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant"). Nevertheless, the Court makes an ends-of-justice finding, in order to afford Defendant adequate time to confer with counsel and elect whether to reopen the issue of detention, and to avoid a miscarriage of justice. Accordingly, the time elapsing from the date of this Order through at least the 15th day after Defendant arrives in the Southern District of Ohio shall be TOLLED, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv).